IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CASE NO. 1:10-cv-00162-MP -GRJ

2005 FORD F-350 TRUCK VIN 1FTWW33P45EB39321,

    Defendant.

_____/

## O R D E R

Previously, the Court entered an order at Doc. 18, in response to the claimant, Domingo Jimenez's, motion to compel. In the Order, the Court required claimant to clarify its Motion to Compel by including "a copy of the Requests for Production," and a description of "the degree of compliance by the government and the dates thereof." Claimant responded with Doc. 19, Report of Plaintiff's Compliance with Defendant's Motion to Compel Discovery. The government responded at Doc. 20. Also pending is Doc. 22, a motion by the government for a formal order sending this matter to mediation, which is required under government procedures. That motion is granted, and the parties are ordered to mediate this case.[1]

In Doc. 19, claimant describes the government's degree of compliance[2] by stating that the

---

[1] The Court notes that in Doc. 21, the parties indicated that mediation is set for June 2, 2011.

[2] In Doc. 19, claimant failed to produce either a copy of the Requests for Production or a description of the dates of compliance by the government. The Court still does not know the date on which the government provided claimant with the five documents listed at Doc. 17. Thus, the Court assumes that claimant waives any argument that the government violated Fed. R. Civ. P. 37(a)(5)(A) by failing to produce anything on or before the filing date of claimant's Motion to Compel.

government "produced a total of 48 pages of documents," but complained that many were "redacted by way of 'blacking out.'" Particularly, claimant argued that the investigative report and the vehicle impoundment report were blacked out even though they would appear to contain relevant information. In Doc. 20, the government responded as if claimant's motion to compel only involved two pages that were redacted only to remove "personal identifiers" including "names of co-defendants, dates of birth, social security numbers, and addresses."

In order to evaluate whether the redactions were appropriate, the Court must review the documents in their original form. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The government shall therefore provide an un-redacted copy of the 48 pages of documents to the Court, under seal, by May 31, 2011.

The motion for an order of mediation, Doc. 22, is granted, and the parties are ordered to mediate this case at a time, place and before a mediator of their choosing.

**DONE AND ORDERED** this *24th* day of May, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge